IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| EDWARD WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2:21-cv-02069-JDB-cgc |
| v. | ) |
| | ) |
| FEDERAL BUREAU OF PRISONS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER MODIFYING THE DOCKET,
DISMISSING COMPLAINT WITHOUT PREJUDICE (D.E. 1),
AND GRANTING LEAVE TO AMEND**

On February 1, 2021, Plaintiff Edward Williams, Federal Bureau of Prisons ("BOP") inmate registration number 13512-027, filed a *pro se* complaint purporting to invoke federal jurisdiction pursuant to 28 U.S.C. § 1331 in order to assert claims under *Bivens v. Six Unknown Fed. Agents*, 403 U.S. 388 (1971). (Docket Entry ("D.E.") 1.) At the time Williams filed his complaint, he was confined at FCI-Talladega. (D.E. 1-2 at PageID 16.)[1] On February 26, 2021, the Court granted leave for Williams to proceed *in forma pauperis*. (D.E. 5.) Williams's complaint names the BOP as the sole Defendant. (D.E. 1 at PageID 1.) Williams seeks $1,000,000 in actual and punitive damages. (*Id*. at PageID 7.)

---

[1] Williams is presently confined at RRM Chicago in Downers Grove, Illinois. (*See* https://www.bop.gov/locations/ccm/cch/.) The events from which his complaint arises occurred in April of 2020 at FCI-Memphis in Memphis, Tennessee. (D.E. 1 at PageID 3-6.)

The Clerk shall modify the docket to add (1) Dr. Naveed Gill, (2) Officer Paris, (3) Officer Rush, (4) Lieutenant Reed, and (5) Officer Smith (collectively, the "Individual Defendants") as Defendants.

I.     **BACKGROUND**

Williams's complaint alleges that he was using 1800 mg of oxcarbazepine for nerve pain in his shoulder and arm when he arrived as an inmate at FCI-Memphis. (*Id*. at PageID 3 (not specifying date of confinement).) During Williams' initial medical visit at FCI-Memphis, he informed BOP physician Dr. Naveed Gill that Plaintiff's pain was worsening. (*Id*.)

During an 18-day assignment to an upper bunk that required Williams to use a ladder to gain access, he experienced pain that compelled him to miss sleep, meals, and the pill dispensary. (*Id*. (not specifying relevant dates).) When Plaintiff's pain intensified overnight on April 2, 2020, Officer Rush told him medical staff was unavailable. Lieutenant Reed dragged Williams into the upper bunk. (*Id*. at PageID 3-4.) The following day, no medical staff personnel followed up with the inmate. (*Id*. at PageID 4.) Plaintiff was, however, transferred to a cell with a different bunk arrangement without a ladder. (*Id*.)

Williams remained dissatisfied with the new accommodation because it required him to use "a stump … [to] pull [my]self up into the bed[,] . . . . [which] caused me to put all the pressure on my back").) (*Id*.) In the newly-assigned cell, the inmate fell backwards onto the floor and was taken to Regional One Hospital. (*Id*.) He had surgery on April 5, 2020. (*Id.* at PageID 4-5.) After a 24-hour post-operative recovery period, Dr. Gill ordered Plaintiff's release back to FCI-Memphis from Regional One. (*Id*. at PageID 5.) Williams considered Dr. Gill's order to be pre-mature and filed a grievance. (*Id*.) He claims the grievance caused Dr. Gill to retaliate against him as to healthcare, but Williams does not describe the physician's alleged retaliatory actions. (*Id*.)

2

Upon Williams's arrival at FCI-Memphis after his hospital discharge, officers Paris and Smith refused to provide a wheelchair. (*Id*. at PageID 5.) Instead, they forced Plaintiff to walk in shackles and chains to his cell, where he had no shower shoes. (*Id*.)

FCI-Memphis staff provided the inmate with Flomax and stool softener when he complained of bowel movement challenges, but they denied him all hospital-prescribed post-operative medications except 5mg oxycodone. (*Id*.) Williams experienced an upset stomach and states Dr. Gill was slow to prescribe omeprazole for acid reflux. (*Id*. (Williams received prescription on April 9, 2020).) On April 10, 2020, FCI-Memphis personnel confiscated Plaintiff's pain medications and directed him to pay for substitutes at the jail's commissary. (*Id*. at PageID 5-6.) Williams unsuccessfully grieved his claims. (*Id*. at PageID 2.)

The inmate's complaint in the instant action alleges that the medical care he received at FCI-Memphis "was a clear form of retaliation or just purely negligent." (*Id*. at PageID 6.) He contends that Dr. Gill "was either intentional or so grossly negligent to justify imposition of punitive damages." (*Id*. at PageID 3.)

## II.     **JURISDICTION**

The first matter to be considered is whether this Court has subject matter jurisdiction over the action. Twenty-eight U.S.C. § 1331 provides that federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "[T]he mere invocation of § 1331, without more, is meaningless and does not in itself confer federal question jurisdiction." *National Ass'n for the Advancement of Colored People–Special Contribution Fund v. Jones,* 732 F.Supp. 791, 793 n. 6 (N.D. Ohio 1990). Section 1331 requires that complaints set forth valid claims under the U.S. Constitution or some federal law providing

for a federal right of action. As Williams contends that his claims arise under *Bivens*, 403 U.S. 388, *see* D.E. 1 at PageID 1, the Court will consider his allegations.

### III.  LEGAL STANDARD

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

As to step one, in assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Rule 12(b)(6), Federal Rules of Civil Procedure ("Fed. R. Civ. P."), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those holdings, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. In addition, Fed. R. Civ. P 8 provides guidance on this issue. Even though Rule 8 only requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also necessitates factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases will accord slightly more deference to *pro se* complaints. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,'

4

and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).  That said, p*ro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating that "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

IV. **REQUIREMENTS TO STATE A CLAIM UNDER *BIVENS***

*Bivens v. Six Unknown Fed. Agents*, 403 U.S. 388 (1971)  provides a right of action against federal employees who violate an individual's rights under the United States Constitution. "Under the *Bivens* line of cases, the Supreme Court has recognized a cause of action against federal officials for certain constitutional violations when there are no alternative processes to protect the interests of the plaintiff and no special factors counseling against recognizing the cause of action." *Koubriti v. Convertino*, 593 F.3d 459, 466 (6th Cir. 2010).

V. **DISCUSSION**

    A. **Claims Against The BOP**

A prisoner "may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP," *see Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001), because *Bivens* claims against the United States and federal agencies are barred by sovereign immunity. *Franklin v. Henderson,* No. 00–4611, 2000 WL 861697, at *1 (6th Cir. June 20, 2001); *Fagan v. Luttrell,* No. 97–6333, 2000 WL 876775, at *3 (6th Cir. June 22, 2000); *Miller v. Fed. Bureau of Investigation,* No. 96–6580, 1998 WL 385895, at *1 (6th Cir. July 1, 1998) ("the doctrine of

5

sovereign immunity precludes a *Bivens* action against a federal agency for damages"). As an agency of the United States government, the BOP is considered part of the United States itself and, therefore, entitled to immunity from suit. *See United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). Accordingly, a suit under *Bivens* may be brought only against individual officers for certain constitutional violations.

For these reasons, Williams's claims against the BOP are DISMISSED because the BOP, as an agency of the United States, is not a proper defendant in a *Bivens*-type action.

B.     **Claims Against The Individual Defendants**

Williams alleges that: (1) Dr. Gill was either intentionally or grossly negligent at FCI-Memphis in April 2020 with respect to medical care for Plaintiff's shoulder and arm pain, slip-and-fall injuries, medications, premature hospital discharge, and follow-up care (D.E. 1 at PageID 3-6);[2] (2) Officer Rush told Plaintiff to just "deal with" the pain during Williams's April 2, 2020 pain episode (*id*. at PageID 4); (3) Lieutenant Reed ignored Williams's pain on April 2, 2020, instead "simply dragg[ing] [Plaintiff] up and into the bed" (*id*.); and (4) Officers Paris and Smith denied the inmate a wheelchair when he returned to FCI-Memphis after surgery. (*Id*. at PageID 5.)

Because Williams's complaint does not specify the capacity in which he sues the Individual Defendants, *see* D.E. 1, his claims against them are treated as official capacity claims. Such official capacity claims are, in turn, treated as assertions against the United States.[3] As explained

---

[2] The complaint is silent with respect to the particular FCI-Memphis personnel who confiscated Williams's post-operative painkillers. (*See* D.E. 1 at PageID 5-6.) When a complaint does not allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Accordingly, Williams insufficiently pleads a claim to relief against any Defendant in connection with his post-surgery pain medications. The complaint also asserts a retaliation claim against Dr. Gill. See discussion in footnote 4, *infra*.

[3] A *Bivens* action, based upon alleged constitutional violations by federal officials, may be brought against federal officers in their individual capacities. *See*, *e.g.*, *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 509 (2d Cir. 1994); *see also Randall v. United States,* 95 F.3d

*supra*, the doctrine of sovereign immunity bars Williams's claims against the United States. *See Brown v. Holdener*, 67 Fed. App'x 288, 290 (6th Cir. 2003) (citing *Blakely v. United States,* 276 F.3d 853, 870 (6th Cir. 2002) and *Wells v. Brown,* 891 F.2d 591, 593–94 (6th Cir. 1989)); *Ecclesiastical Order of the Ism of Am, Inc. v. Chasin,* 845 F.2d 113, 115–16 (6th Cir. 1988) (per curiam) ("Insofar as this is an action against the defendants in their official capacities, the district court properly concluded that the suit is barred by the doctrine of sovereign immunity").

The bar of sovereign immunity cannot be avoided by naming officers or employees of the United States, such as employees or officials of the BOP, as defendants. *See FDIC v. Meyer,* 510 U.S. 471, 484–86, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (because an action against a federal agency, such as the BOP or federal officers in their official capacities, is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived)). Because "the real party in interest in an official-capacity suit is the entity represented and not the individual officeholder," *Bivens* does not permit suits against government employees in their official capacities. *Walter J. Himmelreich v. BOP*, No. 11-3474, 2012 WL 13226685, at *1 (6th Cir. May 7, 2012) (citing *Karcher v. May*, 484 U.S. 72, 78 (1987) and *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) ("With respect to the alleged

---

339, 345 (4th Cir. 1996). To plausibly state a *Bivens* claim, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution" in a manner that can be vindicated under *Bivens*. *See Himmelreich*, 2012 WL 13226685, at *2 (citing *Iqbal*, 556 U.S. at 676); *Nuclear Transp. & Storage v. United States,* 890 F.2d 1348, 1355 (6th Cir. 1989) (complaints asserting a *Bivens* cause of action are subject to the same heightened pleading requirements applied to claims under § 1983). In the instant case though, Williams's complaint fails to allege that the Individual Defendants violated the Constitution in their individual capacities.

7

constitutional deprivation, [the plaintiff's] only remedy lies against the individual")).  Williams's official capacity claims against the Individual Defendants under *Bivens* fail as a matter of law.[4]

For these reasons, the Court DISMISSES the complaint against the Individual Defendants. Williams's complaint seeks monetary relief from defendants who are immune to suit for such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

## V.    AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA").  *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded").

---

[4]  Even if Williams's complaint sued the Individual Defendants in their individual capacities as federal government agents, Plaintiff fails to allege any viable *Bivens* claims.

As to Williams's retaliation claim against Dr. Gill, the U.S. Supreme Court has never recognized a *Bivens* action for any First Amendment right, and it rejected a First Amendment retaliation claim decades ago for federal employees.  *Callahan v. BOP*, 965 F.3d 520, 523 (6th Cir. 2020) (citing *Reichle v. Howards*, 566 U.S. 658, 663 n.4, 132 S.Ct. 2088, 182 L.Ed.2d 985 (2012) and *Bush v. Lucas*, 462 U.S. 367, 368, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983)).

As to Williams's negligence claim against Dr. Gill, "[m]ere negligence is insufficient to [state] a *Bivens* [claim]."  *See*, *e.g.*, *Connor v. Helo*, No. 85-5215, 1987 WL 44930, at *3 (6th Cir. Oct. 2, 1987).  "*Bivens* addresses violations of constitutional rights, not state-law torts like negligen[ce]."  *Jones v. Johnson*, 707 Fed. App'x 321, 331 (6th Cir. 2017).

As to Williams's claims against Paris, Rush, Reed, and Smith, the complaint insufficiently alleges facts demonstrating any claim to relief.  Fed. R. Civ. P. 8(a)(2) requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Williams's sparse allegations against these individuals do not set forth enough information to pass muster under Fed. R. Civ. P. 8(a)'s pleading standard.  (*See* D.E. 1 at PageID 4-5.)

Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts"). The Court grants Plaintiff leave to amend under the strict guidelines that the Court sets forth below.

  The Court reminds Williams that an amended pleading must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of his claims. An amended complaint supersedes the original complaint and must be complete in itself without reference to the prior pleadings. Plaintiff must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count.

  The Court grants Plaintiff only one opportunity to amend his claims. If he fails to amend his complaint in a timely manner, the Court will dismiss this case and enter judgment. The Court will recommend that any such dismissal of this case be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, No. 20-1406, 2021 WL 1727619, at *1 (6th Cir. May 3, 2021).

## VI. CONCLUSION

For the reasons explained above:

(1) The complaint (D.E. 1) is **DISMISSED WITHOUT PREJUDICE** in its entirety for failure to state a claim to relief because it seeks monetary relief from defendants who are immune to suit for such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2); and

(2) Leave to amend is **GRANTED**.

As a final matter, the Court notices that mail sent by the Clerk to Williams was returned as undeliverable on October 20, 2021. (D.E. 7.) Plaintiff is reminded of his obligation to inform the Clerk in writing anytime he is transferred to a different correctional facility or is released from confinement. Failure to do so will result in dismissal of this case without further notice for failure to prosecute and failure to comply with orders of this Court. (*See* D.E. 5 at PageID 30.) The Clerk is **DIRECTED** to mail a copy of the instant order to Williams at his Chicago RRM address currently indicated on the Federal Bureau of Prisons website. (*See* https://www.bop.gov/inmateloc/.)

**IT IS SO ORDERED** this 8th day of December 2021.

      *s/ J. Daniel Breen*
      J. DANIEL BREEN
      UNITED STATES DISTRICT JUDGE